**BERNARD McMENAMY, CONTRAC-TOR, INC., Appellant,**

v.

**COMMISSIONER OF INTERNAL REV-ENUE, Appellee.**

**No. 20625.**

United States Court of Appeals, Eighth Circuit.

May 7, 1971.

Hal B. Coleman, Clayton, Mo., for appellant.

Richard Halberstein, Atty., Tax Div., Dept. of Justice, Washington, D. C., Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Harry Baum, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before ALDRICH,* LAY and BRIGHT, Circuit Judges.

ALDRICH, Circuit Judge.

Taxpayer corporation, contrary, perhaps, to usual practice, requested a qualification ruling on its profit-sharing plan only after it had put it into effect. By the time the ruling came down, unfavorably, several tax years had passed. The Commissioner asserted an income tax deficiency on the ground that the contributions made to the plan were not deductible under the Internal Revenue Code of 1954, 26 U.S.C. § 401, upon which taxpayer had relied. The Tax Court affirmed, by a divided court, 54 T.C. 1057 (1970), and taxpayer appeals.[1]

The difficulty with taxpayer's plan is that the formula, by taking into account the number of years of past service, resulted in overweighing "the contributions or benefits provided [for] * * * employees who are officers, [or] shareholders * * * " as against other employees beyond the extent of their difference in pay, as expressly forbidden by the statute. 26 U.S.C. § 401(a) (4). Taxpayer asserts that it is not only natural, but fair, to afford larger benefits to those longer in service, and that when a plan is initiated and in effect being funded, and the senior employees may be nearer retirement, it is fair to make larger contributions on their account. This may or may not be true, having in mind that during the pre-plan years these employees received what, presumably, would have been paid into the plan on their behalf had it been in effect, and are now receiving it a second time. But if it be fair, it is nonetheless irrelevant. The question is the extent to which Congress was willing to afford a present income tax deduction to the employer. Even if it is reasonable to weigh a plan in terms of past service, it is nevertheless not improper for Congress to exclude any plan which discriminates economically in favor of a special class. Cf. Commissioner of Internal Revenue v. Pepsi-Cola Niagara Bottling Corp., 2 Cir., 1968, 399 F.2d 390. The fact that a taxpayer may advance a good reason for its plan is not the point. Deductions are a matter of grace, and short of total arbitrariness it is for Congress to weigh the reasons.

Almost this precise case was recently decided in favor of the government. Auner v. United States, 7 Cir., 1971, 440 F.2d 516. We concur.

Affirmed.

---

* Of the First Circuit, sitting by designation.

1. A companion case, No. 20,626, involving the Trustee under the Plan, raises no separate question.